HUBERT THYRONE BREWER v. OLDEN DONNELL GARNER AND MAGDALENE H. GARNER.

(Filed 5 May, 1965.)

1. Evidence § 58—

Where a patrolman testifies that when he arrived at the scene some thirty minutes after the accident he detected an odor of some type of whiskey in plaintiff's automobile, it is error for the court to exclude evidence that twenty-eight days after the accident the patrolman signed a statement that he could not say whether any of the parties had been drinking, since plaintiff's right to destroy or weaken a witness' testimony by a proper cross-examination is an absolute right.

2. Evidence § 15; Automobiles § 37—

Defendant contended that plaintiff driver was attempting to light a cigarette at the time of the accident. Testimony that some two days after plaintiff's vehicle had been moved to a town some ten miles from the accident, a lightly burned cigarette was found on the floorboard of plaintiff's vehicle is too removed in time and place to have any probative value and should have been excluded.

APPEAL by plaintiff from *Shaw, J.,* October 26, 1964 Civil Session, RANDOLPH Superior Court.

This civil action was instituted by Hubert Thyrone Brewer to recover damages for personal injuries he sustained in an automobile collision on Highway No. 49 near Denton. The collision occurred at 2:15 a.m. on December 16, 1962, between the plaintiff's 1959 Oldsmobile in which he was riding alone, and a 1956 Ford owned by the defendant Magdalene H. Garner and driven by her son, Olden Donnell Garner. By their pleadings the parties raised against each other a number of issues, all of which were settled prior to trial except those involving the defendants' negligence and the plaintiff's contributory negligence.

The plaintiff alleged the defendant Olden Donnell Garner was negligent in that he failed to keep his vehicle under proper control, to dim his lights, and to yield one-half the travel portion of the highway. The defendants alleged the plaintiff was contributorily negligent in that he failed to keep his vehicle under proper control, failed to yield one-half the highway, and at the time of the collision was driving under the influence of intoxicating liquor.

The jury gave affirmative answers to the issues of negligence and contributory negligence. From the judgment dismissing the action, the plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Jordan, Wright, Henson & Nichols by G. Marlin Evans for defendant appellees.*

HIGGINS, J.   The plaintiff's appeal presents a single question of law: Did the court commit prejudicial error on the issue of contributory negligence? The defendants, by vigorous cross-examination, sought to force from the plaintiff the admissions that he was driving under the influence of liquor and, at the time of the accident, was attempting to light a cigarette.

In support of the charge the plaintiff was driving under the influence of liquor, the defendants offered the evidence of Mr. Bolick of the State Highway Patrol, who arrived on the scene thirty minutes after the collision but before the plaintiff, who was unconscious, had been removed from the Oldsmobile. The patrolman testified he detected the odor of some type of whisky in plaintiff's automobile. Plaintiff's counsel sought on cross-examination to have Mr. Bolick admit he had made an inconsistent statement and produced what purported to be a photostatic copy of a paper writing dated January 14, 1963, which the witness admitted, "This photostat is an exact copy of what I signed." The copy contained this statement: "I could not say whether any of the parties had been drinking." The court, on defendants' objection, excluded the question and answer. The exclusion is the subject of Assignment of Error No. 1, based on Exception No. 15.

The plaintiff offered the evidence of Mr. Hundley who was present when Mr. Bolick examined plaintiff's automobile. He testified: "I did not see any evidence of alcohol in the car." The surgeon who treated plaintiff's injuries one hour after he received them, testified: "I did not detect any evidence of alcohol on plaintiff's breath when I sewed him up."

With respect to the defendants' allegations that plaintiff was intoxicated, the court charged:

> "And then, finally, the defendants have alleged that the plaintiff was driving his motor vehicle under the influence of intoxicating beverages. That is contained in G.S. 20-138, and it provides that, 'It shall be unlawful and punishable as provided in Section 20-179 when any person, whether licensed or not, who is an habitual user of narcotic drugs, or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within this State.'"

Assuming, without deciding, the odor of some type of whisky in plaintiff's vehicle some thirty minutes after the wreck would be sufficient to permit an inference the plaintiff was driving under the influ-

ence, then certainly it would be proper by way of impeachment for the plaintiff's counsel on cross-examination to show that on January 14, 1963, twenty-eight days after the accident, the witness had signed a statement saying, "I could not say whether any of the parties had been drinking."

"The right to have an opportunity for a fair and full cross-examination of a witness upon every phase of his examination-in-chief, is an absolute right and not a mere privilege." *Templeton v. Highway Comm.,* 254 N.C. 337, 118 S.E. 2d 918; *Milling Co. v. Highway Comm.,* 190 N.C. 692, 130 S.E. 724; *State v. Hightower,* 187 N.C. 300, 121 S.E. 616. After permitting the evidence of intoxication to go to the jury, it was error to exclude the cross-examination which weakened, if it did not destroy its effect altogether.

The charge underscored the importance of plaintiff's intoxication on the issue of contributory negligence. There was no evidence of intoxication except the odor of some type of whisky in and around the plaintiff's automobile thirty minutes after the collision. That odor, Mr. Bolick alone detected. The instruction on intoxication based on such equivocal evidence magnified the effect of the court's error in excluding Mr. Bolick's signed statement, "I could not say whether any of the parties had been drinking."

By cross-examination, the defendants' counsel sought unsuccessfully to have the plaintiff admit that at the time of the collision he was in the act of lighting a cigarette. This the plaintiff categorically denied. However, Mrs. Garner, one of the defendants, over objection, was permitted to testify that two days after the accident and after the "demolished vehicle" had been removed to Asheboro, (ten miles from the scene of the accident) she found a slightly burned cigarette in the floorboard of the vehicle. By what means the automobile was taken from the scene to Asheboro, who took it, and how many people had been around it in the meantime, were left to conjecture. The evidence that a slightly burned cigarette was found on the floor of the Oldsmobile, so removed in time and place, was too remote to have probative value and should have been excluded.

For the reasons assigned, there should be a new trial on the issues of negligence, contributory negligence, and if the plaintiff prevails on both, then on the issue of damages. To that end the judgment dismissing the action is

Reversed.